UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL MICHAEL MALLOY #726426,

        Plaintiff,                               Hon. Robert J. Jonker

v.                                                  Case No. 1:21-cv-260

EDWARDO RODRIGUEZ, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendants' Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 14.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **granted,** and that Plaintiff's complaint be **dismissed without prejudice**.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF), has sued Defendants Edwardo Rodriguez, Brian Lindeman, and Jeremy Jones pursuant to 42 U.S.C. § 1983. Defendants are Corrections Officers at MCF. Plaintiff alleges that he transferred into MCF in October 2020 and soon thereafter tested positive for COVID-19. He alleges that he received no real medical treatment for the virus. (ECF No. 1 at PageID.3.) Plaintiff further alleges that between November 20, 2020, and January 2021, Defendants were careless in handling his food by opening the food trays that were being served to prisoners in his unit, as many of the prisoners had contracted the virus. Plaintiff further alleges that Defendants Rodriquez and Lindeman passed out food trays without wearing proper

1

personal protective equipment and spat inside his food trays and tampered with them. Finally, he alleges that Defendant Rodriquez tested positive for COVID-19 but continued to deliver food trays despite testing positive. (*Id.*) Plaintiff filed his complaint in this case on March 22, 2021.

Defendants move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendants bear the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period at MCF. (ECF No. 15-3.) Defendants note that the Step III report shows that Plaintiff pursued four grievances

2

through Step III. Plaintiff filed Grievance No. MCF-21-01-0082-28b (the 0082 Grievance) on January 18, 2021. The 0082 Grievance named Defendant Jones and complained of Jones opening his food trays. (*Id.* at PageID.83.) The 0082 Grievance was rejected as vague at step I. The rejection was upheld at steps II and III. The step III rejection was issued on April 21, 2001. (*Id.* at PageID.80.)

Plaintiff filed Grievance No. MCF-21-01-0081-28b (the 0081 Grievance) on January 19, 2021. (*Id.* at PageID.88.) The 0081 Grievance named Defendant Lindeman and complained that he tried to do something to Plaintiff's food during the COVID-19 crisis. The 0081 Grievance was rejected as vague at step I. The rejection was upheld at steps II and III. The step II rejection was issued on April 21, 2021. (*Id.* at PageID.85.)

Plaintiff filed Grievance No. MCF-20-12-2003-28E (the 2003 Grievance) on December 14, 2021. The 2003 Grievance named Defendant Rodriguez and complained that he had opened Plaintiff's food tray on several occasions after testing positive for COVID-19 and had spit in, or done something else to, Plaintiff's food. (*Id.* at PageID.93.) This grievance was rejected as untimely at step I. The rejection was upheld through step III. The step III rejection was issued on April 6, 2021. (*Id.* at PageID.90.)

Finally, Plaintiff filed Grievance No. MCF-20-12-2002-28E on December 14, 2020. (*Id.* at PageID.98.) This grievance named Sgt. Brown and complained about the use of chemical agent without warning during COVID-19. It is not relevant to Plaintiff's allegations against Defendants in this case.

Plaintiff failed to properly exhaust his claims in this case for two independent reasons. First, proper exhaustion requires that the prisoner complete the administrative process before filing his complaint. *See, e.g.*, *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) (stating that "we

3

must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *2 (6th Cir. Dec.17, 1998) (holding that the prisoner's "attempt to exhaust his available administrative remedies only after filing suit in federal court ignore[d] the clear mandate of § 1997e(a)"). Here, Plaintiff filed his complaint on March 22, 2021, before he had received step III responses from the MDOC for the above-identified grievances and before the time allowed under the MDOC grievance policy for review of step III appeals had expired. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ II. Therefore, Plaintiff's claims are not fully exhausted.

Second, all three grievances were rejected pursuant to the MDOC's grievance policy on the grounds that they were vague or untimely. Because Plaintiff's grievances were properly rejected as vague or untimely, they were not properly exhausted in accordance with the grievance procedure. *See Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 891 n.3 (6th Cir. 2009) (holding that a grievance rejected as vague did not satisfy the exhaustion requirement); *Martin v. Bergh*, No. 2:06-cv-119, 2008 WL 4283517, at *1 (W.D. Mich. Sept. 12, 2008) (citing *Woodford*, 548 U.S. at 90–91) (grievance rejected as untimely not properly exhausted).

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 14) be **granted**, that Plaintiff's claims against Defendants be **dismissed without prejudice**, and that this matter be closed.

Dated: March 29, 2022    /s/ Sally J. Berens
 SALLY J. BERENS
 U.S. Magistrate Judge

4

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).